IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RUDOLPH DOMINGUEZ AND ) <br> EUGENIA DOMINGUEZ ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PROFESSIONAL RECOVERY SERVICES, ) <br> INC. ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. _____ <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |
| WEISBERG & MEYERS, LLC <br> Ronald S. Weiss (P48762) <br> 7035 Orchard Lake Road, Suite 600 <br> West Bloomfield, MI 48322 <br> RWeiss@AttorneysForConsumers.com <br> (888) 595-9111 ext. 230 <br> (866) 565-1327 Fax <br> *Lead Counsel for Plaintiffs* | **Correspondence address** <br> Weisberg & Meyers, LLC <br> 5025 N. Central Ave., #602 <br> Phoenix, AZ 85012 |

_____

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where

the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, Rudolph Dominguez and Eugenia Dominguez ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Michigan, County of Wayne, and City of Wayne.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Professional Recovery Services, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of a debt, Defendant, via its agent and/or employee "Rashad," placed no fewer than eight (8) telephone calls to Plaintiffs' residential telephone line, and in each such instance, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. § 1692e(11)).

12. On or about April 4, 2011, by way of its collection letter baring the same date, Defendant contacted Plaintiffs directly after being expressly notified that Plaintiffs are being represented by counsel (§ 1692c(a)(2)).

13. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## RUDOLPH DOMINGUEZ v. PROFESSIONAL RECOVERY SERVICES, INC.

14. Plaintiff repeats and re-alleges each and every allegation contained above.

15. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the

    amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## EUGENIA DOMINGUEZ v. PROFESSIONAL RECOVERY SERVICES, INC.

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

18. Plaintiffs are entitled to and hereby demands a trial by jury.

This 16th day of September, 2011.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Michigan Bar No. P48762
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*